[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to recover damages from personal injuries allegedly sustained by Richard Donahue as the result of a collision between two (2) tractor-trailers which occurred on June 11, 1988, on Interstate 84 in Tolland. The defendants contend that the collision and resulting injuries, if any, were proximately caused by the negligence and carelessness of the plaintiff, Richard Donahue, and his employer, the intervening plaintiff, Anchor Motor Freight, Inc. The intervening plaintiff has moved to strike the defendants' second special defense alleging comparative negligence on the part of the Anchor Motor Freight, Inc.
The Intervening plaintiff, Anchor Motor Freight, Inc. asserts a claim herein for benefits paid to its employee the plaintiff decedent Richard Donahue under the Workers' Compensation Act. (See Intervening Complaint).
The defendants Gerelick Farms, Inc. and Ronald H. St. CT Page 4287 Laurent in its answer to the Intervening Complaint has incorporated by way of Special Defense allegations of negligence on the part of the Employer, Intervening plaintiff.
The Intervening plaintiff filed a Motion to Strike said Special Defense on the grounds that negligence on its part is not a valid defense to its right to recovery under Sec.31-293 Connecticut General Statutes.
In the instant motion the defendants Gerelick Farms, Inc. and Ronald H. St. Laurent objects to said Motion to Strike.
The issue raised by the Motion to Strike and Objection thereto is whether negligence on the part of Employer may preclude or diminish its right to recover benefits paid to an employee under the Workers' Compensation Act.
It should be noted at the outset that the court is limited to issues raised by the parties in connection with a Motion to Strike.
The Workers' Compensation Act gives the employer a statutory right to recovery which does not appear to be qualified in any fashion and hence negligent conduct on its part is no defense to the maintenance of its claim for reimbursement. 2A Larson, Workers' Compensation, Sec. 75-23; Cyr v. F.S. Payne, 112 F. Sup. 526. Also see Superior Court decisions in Combes v. Toro, Hartford Superior Court #221067, (Hale, J.); Eagle Leasing Co. v. United Illuminating Co., New Haven Superior Court #197948, (Celotto, J.) ; Ferryman v. Groton, 212 Conn. 138 (1989).
Objection to Motion to Strike is overruled.
HON. PHILIP DUNN, J SUPERIOR COURT JUDGE